**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| CHARLES M. LEMP and<br>JUDITH M. DEVALL-LEMP, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:08CV35 |
| vs. | )<br>) | ORDER |
| OCWEN LOAN SERVICING, LLC, | )<br>)<br>) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*.

The plaintiffs filed the instant action in the District Court of Brown County, Nebraska on December 14, 2007, against Ocwen Loan Servicing, LLC (Ocwen) and six others. **See** Filing No. 1, Ex. 1 p. 7-13 - Complaint. In the prayer for relief, the plaintiffs seek declaratory judgment to determine the rights of the parties related to a piece of property located in Brown County, Nebraska. *Id.* ¶ 25. Specifically, the plaintiffs sought an order preventing the defendants from selling the property on January 2, 2008 at public auction. *Id.* ¶¶ 23-24. On December 26, 2007, the District Court of Brown County entered a temporary restraining order "restraining all Defendants from selling or conducting a Trustee's sale" of the subject property. *Id.* at p. 2 - Ex Parte Temporary Restraining Order.

In the complaint, the plaintiffs allege Ocwen violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, in several ways with respect to the plaintiffs. *Id.* at p. 10 - Complaint ¶ 17. Ocwen is the only defendant mentioned with regard to the FDCPA. The plaintiffs served Ocwen on December 26, 2007. *Id.* at p. 5-6 - Summons. Ocwen has since filed a motion to dismiss. **See** Filing No. 15.

On January 25, 2008, Ocwen removed this case to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441(c). **See** Filing No. 1 - Notice of Removal. The basis for removal of the FDCPA claim against Ocwen is that such claim is separate and independent of any non-removable claims. **See** 28 U.S.C. § 1441(c). Ocwen did not join the other defendants in the notice of removal, as such joinder is unnecessary. **See** *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988). However,

the entire case is now before the federal court.  **See** 28 U.S.C. § 1446(d); ***Hamilton v. Empire Gas & Fuel Co.***, 297 F. 422, 429 (8th Cir. 1924); ***Morschauser v. American News Co.***, 158 F. Supp. 517, 520 (D.C.N.Y. 1958).

On April 16, 2008, the parties filed their Report of Parties Rule 26 Planning Conference.  **See** Filing No. 17.  The parties make no mention of the absent defendants in the report.  On April 17, 2008, the court entered an initial progression order setting some discovery limits and other deadlines.  **See** Filing No. 18.

Although the process, pleadings and orders contained in the Brown County court action have been filed, there is no evidence any defendant other than Ocwen has been served.  Additionally, no other defendant has filed an appearance in this matter.  NECivR 41.1, states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence."  Further, Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendant in a civil case:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case the complaint was filed on December 14, 2007.  **See** Filing No. 1, Ex. 1 p. 7-13 - Complaint.  Accordingly, the deadline for service of process expired **on or about April 14, 2008**.  The record shows that no summons has been issued and there is no proof of service of process on defendants Green Tree Financial Servicing Corporation, Conseco Finance Servicing Corp., Green Tree Servicing, LLC, Quality Loan Servicing Corp., MTGLQ Investors, LP., or Thomas J. Holthus, Trustee.  Since it remains the plaintiffs' duty to prosecute against all defendants, the plaintiffs shall show cause why the complaint should not be dismissed as against the unserved defendants.  Upon consideration,

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed as against defendants Green Tree Financial Servicing Corporation, Conseco Finance Servicing Corp., Green Tree Servicing, LLC, Quality Loan Servicing Corp., MTGLQ Investors, LP., or Thomas J. Holthus, Trustee for failure to effect service.  The showing of cause shall be filed electronically on or before the close of business **on May 8, 2008**.

DATED this 22nd day of April, 2008.

                                        BY THE COURT:

                                        s/Thomas D. Thalken
                                        United States Magistrate Judge