IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES M. LEMP and JUDITH M. DEVALL-LEMP,<br><br>    Plaintiffs,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, THOMAS J. HOLTHUS, Trustee, GREEN TREE FINANCIAL SERVICING, CONSECO FINANCE SERVICING, GREEN TREE SERVICING, LLC, QUALITY LOAN SERVICING CORP, and MTGLQ INVESTORS, LP,<br><br>    Defendants. | 8:08CV35<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss or in the alternative motion for more definite statement pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(e). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Ocwen contends that plaintiffs' complaint fails to specify facts sufficient to state a claim under that section. Plaintiffs have failed to respond to the motion. The court has carefully reviewed the record, and in particular the complaint, and finds the motion should be denied.

Ocwen argues that plaintiffs have failed to make payments on a mortgage loan which is resulting in foreclosure of their property. Ocwen contends that the facts as set forth in the complaint against the seven defendants are so convoluted that it is not possible to tell which allegations apply to Ocwen, thus failing to comply with the requirements of

pleading set forth in Fed. R. Civ. P. 8(d) and Fed. R. Civ. P. 10.  Ocwen argues that there are no facts in the complaint that show any violations by it under the FDCPA.  *See Farm Credit Servs. of America v. American State Bank,* 339 F.3d 764, 767 (8th Cir. 2003) (claim for relief cannot be just conclusory allegations under 12(b)(6)); *Silver v. H & R Block,* 105 F.3d 394, 397 (8th Cir. 1997) (same)).  Ocwen also says the complaint is so ambiguous that it cannot reasonably prepare a response.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, — , 127 S. Ct. 1955, 1965 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (2007) (*quoting Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  *Id.*  "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965.  In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007) (not designated for publication).

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *See Bell Atlantic,* — U.S. at —, 127 S. Ct at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).  *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

In its motion for a more definite statement, Ocwen asserts that plaintiffs' complaint is so vague and ambiguous that defendant cannot reasonably be expected to frame a responsive pleading or determine its defenses.  Federal Rule of Civil Procedure 12(e) permits a motion for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P.  12(e); *Tinder v. Lewis County Nursing Home Dist.,* 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citations omitted) ("A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.").  Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. *Id.* at 959-60.  Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a).  Where information sought by the party moving for a more definite statement is

3

properly available through discovery, the motion should be denied. *Eastman v. County of Sheridan,* 2007 WL 1814214, *4 (D. Neb. June 21, 2007).

The court finds the allegations of the complaint are sufficient to inform Ocwen of the claims against it. Paragraph 17 of the complaint, Filing No. 1, sufficiently alleges violations of the FDCPA against Ocwen. The remainder of the complaint alleges particular facts that plaintiffs believe occurred in violation of the FDCPA. While the complaint does not specifically allege which defendant committed which particular acts in violation of the FDCPA, additional detail and specificity can be obtained in discovery. Accordingly, the court finds this motion should be denied.

THEREFORE, IT IS ORDERED that Ocwen's motion to dismiss or make more definite and certain, Filing No. 15, is denied.

DATED this 30th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge