## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES M. LEMP and<br>JUDITH M. DEVALL-LEMP, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:08CV35 |
| vs. | )<br>) | ORDER |
| OCWEN LOAN SERVICING, LLC, et al, | )<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' response (Filing No. 20) to this court's April 22, 2008 Order to Show Cause (Filing No. 19).

The plaintiffs filed the instant action in the District Court of Brown County, Nebraska on December 14, 2007, against Ocwen Loan Servicing, LLC (Ocwen); Thomas J. Holthus, Trustee; Green Tree Financial Servicing Corporation; Conseco Finance Servicing Corp.; Green Tree Servicing. LLC; Quality Loan Servicing Corp.; and MTGLQ Investors, LP. **See** Filing No. 1, Ex. 1 p. 7-13 - Complaint. In the prayer for relief, the plaintiffs seek declaratory judgment to determine the rights of the parties related to a piece of property located in Brown County, Nebraska. Id. ¶ 25. Specifically, the plaintiffs sought an order preventing the defendants from selling the property on January 2, 2008 at public auction. Id. ¶¶ 23-24. On December 26, 2007, the District Court of Brown County entered a temporary restraining order "restraining all Defendants from selling or conducting a Trustee's sale" of the subject property. *Id.* at p. 2 - Ex Parte Temporary Restraining Order.

On January 25, 2008, Ocwen removed this case to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441(c). **See** Filing No. 1 - Notice of Removal. On March 31, 2008, Ocwen filed a motion to dismiss, which has been denied. **See** Filing Nos. 15 and 31. On April 16, 2008, the parties filed their Report of Parties Rule 26 Planning Conference. **See** Filing No. 17. The parties make no mention of the absent defendants in the report. On April 17, 2008, the court entered an initial progression order setting some discovery limits and other deadlines. **See** Filing No. 18.

Although the process, pleadings and orders contained in the Brown County court action have been filed, there was no evidence any defendant other than Ocwen had been served. Additionally, no other defendant has filed an appearance in this matter. On April 22, 2008, the court required to the plaintiffs to show cause why the matter should not be dismissed as to all defendants, other than Ocwen, for lack of prosecution and for failure to timely serve process. **See** Filing No. 19.

In this case the complaint was filed on December 14, 2007. **See** Filing No. 1, Ex. 1 p. 7-13 - Complaint. Accordingly, the deadline for service of process expired on or about April 14, 2008. On May 7, 2008, the plaintiffs filed returns of service for the defendants Ocwen (Filing No. 21); Thomas J. Holthus, Trustee (Filing No. 22); Green Tree Financial Servicing Corporation (Filing No. 23); Green Tree Servicing. LLC (Filing No. 24); Quality Loan Servicing Corp. (Filing No. 25); and MTGLQ Investors, LP (Filing No. 26). The plaintiffs served each of these defendants prior in December 2007 or January 2008. The plaintiffs admit they did not serve Conseco Finance Servicing Corp. and that this defendant should be dismissed. **See** Filing No. 20 - Response ¶ 3.

On May 7, 2008, the plaintiffs moved for Clerk's Entry of Default against the defendants Green Tree Financial Servicing Corporation, Green Tree Servicing. LLC and Quality Loan Servicing Corp. *Id.* ¶ 4. On May 8, 2008, the Clerk of Court granted the entry of default. **See** Filing No. 28. The plaintiffs state they have reached an oral agreement for settlement with the defendants Thomas J. Holthus, Trustee and MTGLQ Investors, LP.

Although the plaintiffs state it is their intention to reduce their settlement agreements to writing "within the immediate future," such intention does not satisfy the plaintiffs' obligation in this court. NECivR 41.1, states in pertinent part: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." Accordingly, it remains the plaintiffs' duty to prosecute against all defendants, the plaintiffs shall show cause why the complaint should not be dismissed as to the defendants Thomas J. Holthus, Trustee and MTGLQ Investors, LP., who are now technically in default. The plaintiffs may, for example, file a motion for Clerk's Entry of Default pursuant to NECivR 55.1. Alternatively, the parties may consider moving the court

for a stay of proceedings, at least as to the relevant defendants, until settlement discussions are resolved. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff shall show cause why this case should not be dismissed as against defendants MTGLQ Investors, LP. and Thomas J. Holthus, Trustee for failure to prosecute. The showing of cause shall be filed electronically on or before the close of business **on June 16, 2008**.

2. The Clerk of Court shall amend the docket to show that on May 7, 2008, the plaintiff voluntarily dismissed the defendant Conseco Finance Servicing Corp. from this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

DATED this 3rd day of June, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge